IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY HENRY, )<br>)<br>      **Plaintiff,** )<br>)<br>vs. )<br>)<br>JOHN COX, *et al.*, )<br>)<br>      **Defendants.** ) | CIVIL NO. 10-cv-0058-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently confined at the Logan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

In September 2008, while Plaintiff was confined at the Vienna Correctional Center (Vienna), he wrote a letter to Defendant Suit requesting transfer "to another unit or even to seg[regation]" because Plaintiff was "depressed over loss of [his] family." Defendant Suit denied Plaintiff's request and told him to write to Defendant Cox (the Warden at Vienna). Plaintiff contends that he did, in fact, write Defendant Cox a letter, but it appears that the letter did not result in any change to Plaintiff's confinement. Plaintiff continued to try to obtain relief from Defendant Suit. When those failed, Plaintiff states that he approached Suit and, in frustration, told Suit that if Plaintiff had been a snitch, he would have been moved to a different cell and it was only due to Suit's "personal petty prejudices" against Plaintiff that he had not been moved.

Plaintiff states that Defendant Suit became "enraged" upon being confronted by Plaintiff and, thereafter, "sought revenge" against him. Specifically, Plaintiff charges that Defendant Suit "orchestrated" two attacks against him. The first attack allegedly took place on November 2008. The other attack - which is the primary subject of this lawsuit - allegedly took place on June 27,

2009.

Plaintiff claims that on June 27, 2009, he was attacked and beaten by his cell mate (inmate McClintock). Liberally construing the complaint, Plaintiff asserts that Defendants Howard, Soliday, Stevens, Kern, Woolridge, Taylor, and Buchmyer, knew about the attack beforehand, facilitated attack or helped cover-up the incident so as not to implicate Defendant Suit. In addition to the June attack, Plaintiff further claims that Defendant Nurse Maryann and Harrison engaged in additional acts of retaliation by pushing and/or hitting him.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Suit, Howard, Soliday, Stevens, Kern, Woolridge, Taylor and Buchmyer for arranging for McClintock to attack Plaintiff in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:** Against Defendants Suit, Howard, Soliday, Stevens, Kern, Woolridge, Taylor, Buchmyer, Nurse Maryann, and Harrison for retaliating against Plaintiff for both his written and oral grievances in violation of Plaintiff's First Amendment rights.

### DISCUSSION

The Court finds that both Count 1 and Count 2 of the complaint survive threshold review under 28 U.S.C. § 1915A and should not be dismissed at this time. Defendant Randle, however, should be dismissed from this action because the complaint fails to state a claim against him. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612,

651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The instant complaint does not include any allegations indicating how Defendant Randle was personally responsible for the alleged violations of Plaintiff's rights. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Also before the Court are Plaintiff's motion for appointment of counsel (Doc. 3) and his motion for a temporary restraining order (i.e., order of protection) (Doc. 4). With respect to his motion for appointment of counsel, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for appointment of counsel (Doc. 3) will be denied.

In his motion for a temporary restraining order (Doc. 4), Plaintiff states that he feels he is in danger of another attack instigated by the Defendants. Consequently, Plaintiff seeks "an order of protection." After filing the instant complaint and motion, however, Plaintiff informed the Court that he has been transferred from Vienna to Logan Correctional Center. As Plaintiff is not currently confined at Vienna - where the Defendants are employed - Plaintiff's motion for a temporary

restraining order (i.e., order of protection) will be denied as moot.

**DISPOSITION**

Plaintiff's claims against Defendant Randle do not survive review under § 1915A. Accordingly, these claims are **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Defendant Randle is **DISMISSED** as a Defendant in this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Cox, Howard, Suit, Soliday, Stevens, Kern Woolridge, Taylor, Buchmyer, Maryann, and Harrison. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Defendants Cox, Howard, Suit, Soliday, Stevens, Kern Woolridge, Taylor, Buchmyer, Maryann, and Harrison in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice.

Plaintiff's motion for a temporary restraining order (i.e., order of protection) (Doc. 4) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 2nd day of July, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**