IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY HENRY, #A50858, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–58–MJR–SCW |
| | ) |
| HAROLD BUCHMEIER, JOHN COX, | ) |
| SHANE HARRISON, GLENN HOWARD, | ) |
| DARRYL KERN, MARY ANN SCHUTT, | ) |
| RAY SOLIDAY, CHARLEY STEVENS, | ) |
| NORMAN SUITS, DAVID TAYLOR, and | ) |
| DAMON WOOLRIDGE, | ) |
| | ) |
| Defendants. | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **LOCAL RULE 72.1(a)** for a Report and Recommendation on Plaintiff's Motion to Voluntarily Dismiss Action Without Costs and Without Prejudice (Doc. 85). Specifically, Plaintiff seeks to dismiss his claims against all Defendants as he no longer wishes to pursue his claims. Defendants have filed a Response (Doc. 86) to the motion. While Defendants do not object to the motion, they request that should Plaintiff file his claims again in this Court that he be subject to **FEDERAL RULE OF CIVIL PROCEDURE 41(d)**. The Court held a hearing in this matter on August 2, 2012. Based on the following, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion (Doc. 85) and **DISMISS** Plaintiff's claims against all Defendants **without prejudice** and without costs to either party. However, the undersigned **RECOMMENDS** that the Court impose

certain conditions should Plaintiff re-file this case.

Plaintiff seeks to dismiss his claim pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**. Rule 41(a)(2) allows an action to be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." It is within the Court's sound discretion in determining whether to dismiss a case voluntarily under Rule 41(a)(2). *Kunz v. DeFelice*, **538 F.3d 667, 677 (7th Cir. 2008) (citing** *Tyco Labs, Inc. v. Koppers, Co.*, **627 F.2d 54, 56 (7th Cir. 1980))**. Here, Defendants do not object to Plaintiff's request for voluntarily dismissal without prejudice. However, given the stage of the litigation and extensive discovery in this case, Defendants request that should Plaintiff re-file this matter that he be required to pay all costs pursuant to Rule 41(d)(1) and that the matter be stayed until such costs are paid. **FED.R.CIV.P. 41(d)(2).** At the hearing, Plaintiff agreed to those conditions. Defendants also requested that no additional discovery be allowed to be conducted in the event a new case is filed. However, at the hearing on this matter, Defendants conceded that Rule 41(d) did not provide for such relief and withdrew this request.

Pursuant to Rule 41(d), if a plaintiff who dismissed a prior case seeks to file that action again, the court: "(1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Plaintiff, in this case, agreed to the terms of Rule 41(d) for his dismissal.

Accordingly, as Defendants do not object to Plaintiff's request for dismissal and Plaintiff has agreed to the terms of Rule 41(d), the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion to voluntarily dismiss action and **DISMISS without prejudice** Plaintiff's claims against all Defendants without costs assessed to either party. The undersigned also **RECOMMENDS** that, should Plaintiff attempt to file a new claim on these same allegations in the future, that the Court **ORDER** Plaintiff to comply with the terms of Rule 41(d) in that Plaintiff be ordered to pay all of the

costs of the previous action and the proceedings of the new case be stayed until such time that Plaintiff complies with the Court's Order.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** **Objections to this Report and Recommendation must be filed on or before August 20, 2012.** *See* **Fed. R. Civ. P. 6(d); SDIL-LR 5.1(c).**

**IT IS SO ORDERED**.

DATED:   August 2, 2012.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge